NICOT, DEMANDANTE Y APELADO, *v.* VALDECILLA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cumplimiento de convenio de deslinde y pago de daños y perjuicios.

No. 2146.—Resuelto en junio 3, 1920.

JURISDICCIÓN—DESLINDE.—En una acción que se entabla para que el demandado sea compelido a cumplir un convenio por el cual las partes, transando diferencias, quedaron comprometidas a fijar por determinados puntos la línea divisoria de dos fincas de su propiedad colindantes entre si y a entregar el demandado al demandante como consecuencia de la transacción cuatro cuerdas de terreno de las ocho que según alegación de éste, el demandado estaba detentando sin título, la cuantía envuelta a los efectos de la jurisdicción de la corte no deberá computarse por el importe de las cuatro cuerdas de terreno, sino por el valor de las fincas a deslindar que es en este caso el verdadero y principal objeto del pleito.

ID.—PARTES NECESARIAS.—En un pleito sobre cumplimiento de contrato son partes necesarias todas las partes en el contrato.

ID.—ACUMULACIÓN DE ACCIONES.—Los gastos efectuados para verificar un contrato pueden ser reclamados por la persona que demanda su cumplimiento y aquella acción puede acumularse a ésta por ser una consecuencia de ella.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Tous Soto.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito de Ponce se presentó la siguiente demanda:

"1. Que el demandante y demandados son mayores de edad, vecinos de Ponce y tienen capacidad legal para demandar y ser demandados.—2. Que el demandante Rafael Nicot es dueño en pleno dominio de una finca rústica radicada en el barrio de 'Portugués,' sitio de la Pandura, de 86 cuerdas de cabida, la cual colinda con una finca rústica propiedad del demandado Ramón Valdecilla, que se describe así: Porción de terreno sin nombre, radicada en el término municipal de esta ciudad, barrio de 'Río Chiquito,' antes, hoy 'Portugués,' con cabida de 150 cuerdas más o menos, con casa de madera, cubierta de tejamaní.—Linda por el Este con el camino de Montes Llanos, desde un tártago que se halla al pié de un tocón de capá, desde este punto por el Norte, colindando con Felícita Tourell antes, después Salomé Santiago Díaz, luego de su sucesión y hoy de Rafael Nicot y Tourell, hasta un árbol de Jagüey a orillas del río y siguiendo río abajo por el Este con el expresado río, hasta un palo de Guaraguao y partiendo de este punto, por el Sud con Elena Mojica y Cornelio Delgado, hasta volver al tártago donde se principió.—3. Que don Ramón Valdecilla y Córdova ha arrendado la finca antes descrita, con promesa de venta, al otro demandado Eduardo Rivera y León.—4. Que con motivo de ciertas diferencias surgidas con respecto a las colindancias de la finca del demandante con la finca del demandado Ramón Valdecilla, que está arrendada con promesa de venta al otro demandado Eduardo Rivera León, el demandante y los demandados celebraron un convenio de deslinde, allá para el mes de marzo de 1915, con el fin de transar la diferencia de ocho cuerdas de terreno que está poseyendo el señor Valdecilla y que pertenecen al predio de 86 cuerdas del Sr. Nicot descrito en el hecho segundo de la demanda, acordándose que para solucionar esta diferencia, el Sr. Nicot cedería al señor Valdecilla un area de cuatro cuerdas de las que está detentando indebidamente al Sr.

Valdecilla, y que éste a su vez entregaría al Sr. Nicot las otras cuatro cuerdas de las ocho detentadas por aquél, verificándose el convenio de acuerdo con el plano levantado por el agrimensor don Pedro Clauselle en marzo de 1914 que acompaña a esta demanda y debiéndose efectuar la segregación en la forma siguiente: establecer la colindancia con una línea recta que partiendo del punto indicado capá blanco en el plano y terminando en la márgen derecha del río Chiquito, fórmase un triángulo de cuatro cuerdas de superficie, con la línea actual de colindancia descrita en el plano, así R–251°¼ D. 800 m.—5. Que de acuerdo con este convenio, ambas partes nombraron, el señor Nicot al ingeniero don Jacobo Tur y los demandados al ingeniero señor Salich para que practicaran la segregación de acuerdo con este convenio ya dicho.—Que los ingenieros citados se trasladaron al sitio donde residen las fincas e hicieron las operaciones técnicas necesarias para trazar la línea de la nueva colindancia, según convenio, y que después de trazada dicha línea, el demandado R. Rivera por sí y en nombre del Sr. Valdecilla, no quiso aceptar la línea trazada y se negó sin motivo alguno a cumplir lo convenido verbalmente entre demandante y demandados, habiendo continuado negándose a cumplirlo, hasta la fecha de esta demanda, no obstante los requerimientos del demandante señor Nicot.—6. Que el demandante Sr. Nicot ha hecho gastos como el pago de ingeniero señor Tur y otros gastos más para los trabajos que ocasionó la transacción, por valor de cien dólares.—Por tanto a la honorable corte suplicamos que en su día declare con lugar esta demanda y dicte una sentencia ordenando al demandado a verificar el deslinde de ambas propiedades de acuerdo con el convenio consignado en el hecho cuarto de esta demanda, imponiéndole el pago de honorarios a los agrimensores y gastos que pueda ocasionar la mensura, más los gastos, costas y desembolsos de este litigio y honorarios de abogado.''

Esa demanda fué excepcionada por los demandados pero desestimada la excepción previa, los demandados contestaron negando los hechos alegados en la demanda.

Celebrado el juicio recayó sentencia favorable a las peticiones del demandante y contra ella interpusieron los demandados este recurso de apelación en el que solo aportaron de la prueba ante la corte inferior lo siguiente:

''Según aparece de la prueba del demandante, no controvertida, el valor de los terrenos de ambas fincas objeto del deslinde fluctúa

entre treinta y cuarenta dollars por cuerda y la cabida que tienen respectivamente las fincas del demandante y demandados es de 86 y 150 cuerdas.''

El primer motivo alegado por los apelantes para que revoquemos la sentencia recurrida es que la corte inferior cometió error al declararse con jurisdicción por razón de la cuantía para dictar sentencia en este caso.

Para decidir la cuestión propuesta es de importancia en este asunto determinar la clase de acción que se ejercita en la demanda pues mientras la corte inferior y el apelado sostienen que por ella se trata de exigir el cumplimiento de un convenio que tiene por objeto el deslinde de dos fincas cada una de las cuales tiene un valor superior a quinientos dólares y que por tanto la corte sentenciadora tenía jurisdicción en el asunto por razón de la cuantía, en contrario alega la parte apelante que no hay ninguna cuestión de límites sometida al tribunal sino la de entrega de cuatro cuerdas de terreno con valor de $160, cantidad que unida a los $100 que se reclaman por ciertos gastos no alcanza a los $500 que dan jurisdicción a la corte de distrito para conocer de este pleito.

Según la demanda se alega un convenio para fijar la línea divisoria de ambas fincas de acuerdo y la negativa de los demandados a cumplirlo, por lo que no podemos declarar, como pretende el apelante, que el pleito versa sobre entrega de cuatro cuerdas de terreno sino que tiene por objeto que de acuerdo con el convenio se trace la línea que ha de ser la colindancia de ambas fincas, por cuya razón el valor de las cuatro cuerdas de terreno no es el que ha de regular la cuantía del pleito, por no ser esa la materia litigiosa, sino la fijación de la línea colindante de acuerdo con el convenio y por tanto la corte inferior no cometió el error que se le atribuye.

El segundo error alegado es porque fué desestimada la excepción previa de indebida acumulación de partes demandadas por no serlo Rivera toda vez que no se alega que tenga derecho real alguno en la finca de Valdecilla.

Si bien en la demanda no se alega derecho real algun? del demandado Rivera en la finca de Valdecilla, sin embargo como dice que "los demandados" o sea Rivera y Valdecilla celebraron con el demandante el convenio cuyo cumplimiento se pide, no puede sostenerse que no sea parte en el pleito que exige el cumplimiento de la obligación y que exista indebida acumulación de demandados.

Fúndase el tercer motivo de error en no haber declarado la corte inferior que la demanda es ambigua por no describirse la finca del demandante. Como con la demanda se acompañó un plano y como según el convenio alegado la línea que debe trazarse de acuerdo con éste será una recta entre dos puntos de la finca del demandado Valdecilla bastaba con la descripción de su finca y no era ambigua la demanda por no describir la finca del demandante.

Sostienen los apelantes en el cuarto motivo de su recurso que debió ser declarada con lugar la excepción de falta de causa de acción en cuanto a la reclamación de cien dólares invertidos en la mensura por no alegarse que su pago hubiera sido convenido ni de dónde dimana la obligación de pagarlos.

De la demanda resulta que por virtud del convenio sobre deslinde el demandante nombró un ingeniero que con el del demandado trazó la línea estipulada en el contrato y que los demandados no han querido reconocer dicha línea, resultando inutil el trabajo de los ingenieros por faltar los demandados a lo convenido, surgiendo de estos hechos el derecho del demandante a ser indemnizado por el gasto que hizo.

El último error que se alega es por haber desestimado la corte inferior la excepción de haberse acumulado indebidamente las acciones de cumplimiento de contrato y de indemnización o pago de los cien dólares importe del trabajo del agrimensor.

Es cierto que en la demanda se alegan dos causas de acción, la de cumplimiento de contrato y la de indemnización por haber dejado de cumplirlo los demandados, pero estas

acciones pueden acumularse porque la segunda es la conse-
cuencia legal del incumplimiento de contrato alegado en la
primera.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.